ams

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **KERRY MALONE,** ) | |
| ) | |
| **Petitioner,** ) | |
| ) | |
| v. ) | Case No. 06-3073-JAR |
| ) | |
| **DAVID R. McKUNE, et al.,** ) | |
| ) | |
| **Respondents.** ) | |
| ) | |

## MEMORANDUM AND ORDER DENYING REQUEST FOR CERTIFICATE OF APPEALABILITY AND TO PROCEED IN FORMA PAUPERIS ON APPEAL

This matter comes before the Court on petitioner's Request for a Certificate of Appealability (Doc. 24) and Motion to Proceed In Forma Pauperis for Purposes of the Appeal (Doc. 23). In its Memorandum and Order dated August 9, 2007 (Doc. 20), the Court dismissed petitioner's request for habeas corpus relief pursuant to 28 U.S.C. § 2254. Petitioner now seeks authorization to appeal the Court's dismissal of his § 2254 motion.

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), petitioner must obtain a Certificate of Appealability ("COA") before he can appeal "the final order in a proceeding under section 2255."[1] Petitioner is not entitled to a COA unless he can make "a substantial showing of the denial of a constitutional right."[2] The Court denied relief as to all claims on substantive grounds, therefore, petitioner may satisfy his burden only if "reasonable jurists would find the district court's assessment of the constitutional claims debatable or

---

[1] 28 U.S.C. § 2253(c)(1)(B).

[2] 28 U.S.C. § 2253(c)(2).

wrong."[3]  Petitioner is not required to demonstrate that his appeal will succeed to be entitled to a COA.  He must, however, "prove something more than the absence of frivolity or the existence of mere good faith."[4]  "This threshold inquiry does not require full consideration of the factual or legal bases adduced in support of the claims.  In fact, the statute forbids it."[5]

In his § 2254 motion, petitioner argued that he was denied the right to confrontation under the Sixth Amendment during his trial.  Upon review of petitioner's COA application, the Court determines that reasonable jurists could not debate or find wrong the Court's constitutional assessment that petitioner was not denied his right to confront Glenda Sams, a witness against him, when the trial court found her unavailable and allowed her preliminary hearing testimony to be admitted as evidence at trial.  Accordingly, the Court concludes that petitioner has failed to make the requisite showing and declines to issue the COA.

Petitioner represents that his financial status has not changed since his last application for in forma pauperis status was granted.  Finding good cause exists, the Court grants petitioner's request to proceed in forma pauperis on appeal.

**IT IS THEREFORE ORDERED BY THE COURT** that petitioner's Request for a Certificate of Appealability (Doc. 24) is **denied** and Motion to Proceed In Forma Pauperis for Purposes of the Appeal (Doc. 23) is **granted.**

**IT IS SO ORDERED.**

Dated this  28th   day of September 2007.

---

[3] *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (construing 28 U.S.C. § 2253(c)).

[4] *Miller-El v. Cockrell*, 537 U.S. 322, 338 (2003).

[5] *Id.* at 336; *see also United States v. Silva*, 430 F.3d 1096, 1100 (10th Cir. 2005).

 S/ Julie A. Robinson  
Julie A. Robinson  
United States District Judge

Malone v. McKune, *Memorandum and Order Denying Request for Certificate of Appealability and to Proceed in forma pauperis on Appeal*, No. 06-3073-JAR.